John Dee Spicer
State Bar No. 18930500
Leah Duncan
State Bar No. 24114061
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX  75202
Phone: (214) 573-7310
Fax: (214) 573-7399
Email: lbundage@chfirm.com

Proposed Attorneys for John Dee Spicer, Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In Re: <br><br> ROBERT JORDAN CONSTRUCTION, LLC <br><br> Debtor. | § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 22-41804-elm7 <br><br> Hearing Date: September 26, 2022 <br> Hearing Time: 9:30 A.M. |

## TRUSTEE'S MOTION TO REJECT CONTRACT
## (UNEXPIRED LEASE)

John Dee Spicer, Chapter 7 Trustee ("Trustee") in this bankruptcy case, moves the Court pursuant to 11. U.S.C. § 365 and Fed. Bank. Rule 6006 for approval to reject an unexpired lease described below, and would respectfully show the Court as follows:

1. On August 9, 2022 (the "Petition Date"), Robert Jordan Construction, LLC (the "Debtor") filed its voluntary petition under Chapter 7 of the Bankruptcy Code. Subsequently, John Dee Spicer was appointed as Chapter 7 Trustee.

2. Included in the property of this estate is an unexpired lease (the "Lease") originally dated January 6, 2020, that the Trustee desires, in the best interest of the estate, to reject. The leased property (the "Leased Premises") is located at 2640 Corzine Drive, Arlington,

Texas 76013. The Lease is between John McAndrew dba EST Holdings LLC as the landlord (the "Landlord") and the Debtor, as the Tenant.

3. The Trustee has determined that the Lease is unduly burdensome to the estate and should be rejected under 11 U.S.C. § 365. The Trustee does not believe the estate could realize any value by an assignment or other disposition of the Lease under the present conditions.

4. The Trustee believes time is of the essence to reject the Lease so that the estate avoids the possibility of incurring unnecessary administrative expense claims and rejection of the Lease will result in substantial savings for the estate.

5. Contemporaneously with this Motion, the Trustee is filing a notice of intent to abandon miscellaneous personal property that remains at the Leased Premises as of August 31, 2022.

6. The Trustee personally informed the Landlord on August 19, 2022 (the "Notice Date") that the Trustee will reject the Lease.

7. The Trustee additionally has informed the Landlord that the Trustee will remove all assets located on the Leased Premises that the Trustee deems to be economically feasible to auction on or before August 30, 2022[1] (the "Removal Date").

**ARGUMENT AND AUTHORITY**

8. The Trustee requests authority to reject the Lease pursuant to 11 U.S.C. § 365(a) and Federal Rules of Bankruptcy Procedure 6006 and 9014. The treatment of the effective date of rejection as the motion filing date is appropriate where the equities of the case favor such a result. In these circumstances, retroactive rejection is entirely equitable and appropriate. *See, e.g.*, *In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (granting

---

[1] Such assets will be sold at a future auction, subject to approval by the Court,

retroactive relief for contract rejection where debtors were "receiving no benefit" from the lease and the contract counterparties "had unequivocal notice of Debtors' intent to reject prior to the filing of the Motions"); *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000) (granting retroactive relief noting the circumstances favored granting the relief); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection); *see also*; *Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1065–71 (9th Cir.004) (affirming bankruptcy court's approval of retroactive rejection).

9. The Trustee is of the view that retroaction rejection, effective as of the Petition Date, the Notice Date, or the Removal Date, as the Court deems appropriate, based on the equities, is warranted.

WHEREFORE, John Dee Spicer, Chapter 7 Trustee prays that this Court enter its order deeming the Lease described above retroactively rejected effective as of the Petition Date, the Notice Date, or the Removal Date, as the Court deems appropriate, and granting such further and additional relief as is appropriate.

Respectfully submitted,

/s/ Leah Duncan
Leah Duncan
State Bar No. 24114061
John Dee Spicer
State Bar No. 18930500
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX  75202
Phone: (214) 573-7310
Fax: (214) 573-7399
Email: lbundage@chfirm.com

Proposed Attorneys for John Dee Spicer,

                          Chapter 7 Trustee

### CERTIFICATE OF SERVICE

A separate Certificate of Service contemporaneously will be filed with this Motion.

### CERTIFICATE OF CONFERENCE

I hereby certify that on August 19, 2022, I conferred with Michael McAndrew, a representative of the Landlord, and he informed me that the Debtor has paid rent through July 31, 2022, and that he is unlikely to make a claim against the Bankruptcy Estate if the Leased Premises can become available by August 31, 2022.

                          /s/ John Dee Spicer
                          John Dee Spicer