UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 22-41804 |
| | § | |
| ROBERT JORDAN CONSTRUCTION, LLC | § | |
| | § | |
| DEBTORS(S), | § | CHAPTER 7 |

**CREDITORS ARLINGTON INDEPENDENT SCHOOL DISTRICT, WILLIAM HORN, AND COREY ROBINSON'S OBJECTION, MOTION, AND BRIEF TO DISQUALIFY SPECIAL COUNSEL**

On August 24, 2023, Trustee in the above referenced matter filed Trustee's Application to Employ Special Counsel, E.C.F. No. 25. Creditors Arlington Independent School District (hereinafter, "AISD"), William Horn, and Corey Robinson[1] file their Objection, Motion, and Brief to Disqualify Special Counsel for the Trustee and the "Bankruptcy Estate."

## I. Special Counsel's Relevant Background

Bradley & Hammond (hereinafter referred to as "Proposed Special Counsel"), in particular Michael Hammond, was previously employed by Robert Jordan Construction, LLC dba RJ Construction as its attorney for a lawsuit filed against AISD, William Horn, and Corey Robinson (collectively referred to herein as "AISD Defendants"). Proposed Special Counsel has filed multiple causes against the AISD Defendants, many if not all of which are anticipated to be dismissed due to a statutory bar and immunity. As a result, the Bankruptcy Estate of Robert Jordan Construction, LLC will likely be responsible for additional debt due to the legal strategy of Proposed Special Counsel. Proposed Special Counsel has attorney-client privilege with Robert Jordan and Robert Jordan Construction, LLC (collectively, the "RJ Parties"), which will likely pose a conflict of interest for Proposed Special Counsel to now represent the Bankruptcy Estate.

---

[1] AISD, Horn, and Robinson each filed their Proofs of Claim on August 29, 2022.

Proposed Special Counsel has participated in confidential mediation on behalf of the RJ Parties, and the contents and discussions during the mediation create a conflict of interest for Proposed Special Counsel to now alter its allegiance to the Bankruptcy Estate, possessing and utilizing confidential information for a previous nonparty to the mediation.

Furthermore, Proposed Special Counsel is listed as a creditor for Robert Jordan Construction, LLC, yet stands in the current agreement to make 40% off the top of any proceeds from the lawsuit in question. Local media has reported on certain alleged practices by one or more of the RJ Parties that may have occurred after Proposed Special Counsel began representation in the underlying matter, such as allegedly obtaining up-front payments from unsuspecting customers prior to filing for bankruptcy.

## II. Arguments and Authorities

The Texas Supreme Court has regularly applied the Texas Disciplinary Rules of Professional Conduct (TDRPC) in determining whether an attorney should be disqualified from representing a party in litigation.[2] In fact, the Court has even awarded mandamus relief to a party who, as the Court found, was wrongfully denied by the lower court disqualification of an attorney based on conflicts violating the TDRPC.[3] In the instant case, there are numerous distinct grounds under the TDRPC which necessitate disqualification of Petitioner's counsel.

In addition, under 11 USCA § 327(e), "The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney

---

[2] *See, e.g., Henderson v. Floyd,* 891 S.W.2d 252, 253 (Tex. 1995); *Spears v. Fourth Court of Appeals,* 797 S.W.2d 654, 656 (Tex. 1990); *In re EPIC Holdings, Inc.*, 985 S.W.2d 41, 60 (Tex. 1998).
[3] *Texaco, Inc. v. Garcia*, 891 S.W.2d 255 (Tex. 1995).

does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." "Counsel employed under this subsection must "not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employee."[4] Here the Bankruptcy Estate's interest is adverse because the Bankruptcy Estate may be capable of receiving 100% of the proceeds, not just 60% of the proceeds of any resolution. Settlement may be in the pecuniary interest of the Bankruptcy Estate but not the pecuniary interest of the Proposed Special Counsel. A court may deny compensation for services provided by an attorney who holds such an adverse interest.[5] The Fifth Circuit has, "observed that these standards are "strict" and that attorneys engaged in the conduct of a bankruptcy case 'should be free of the slightest personal interest which might be reflected in their decisions concerning matters of the debtor's estate or which might impair the high degree of impartiality and detached judgment expected of them during the course of administration.'"[6] Proposed Special Counsel's position in this case violates this precedence, and should be removed.

1.  **TDRPC Rule 3.02 Increasing Costs**

Proposed Special Counsel has been given every opportunity to settle or speak with the AISD Defendants to end this lawsuit. Under TDRPC 3.02, "In the course of litigation, a lawyer shall not take a position that unreasonably increases the cost or other burdens of the case or that unreasonably delays resolution of the matter." Under TDRPC 3.02(5) "On the other hand, a client may seek to have a lawyer delay a proceeding primarily for the purpose of harassing or maliciously injuring another. Under this Rule, a lawyer is obliged not to take such an action." AISD Defendants

---

[4] *In re W. Delta Oil Co., Inc.*, 432 F.3d 347, 354 (5th Cir. 2005).
[5] *Id.*
[6] *In re Consolidated Bancshares, Inc.,* 785 F.2d 1249, 1256 & n. 6 (5th Cir. 1986) (internal quotation marks and citations omitted).

Horn and Robinson offered Proposed Special Counsel the opportunity to dismiss them and avoid attorney's fees.[7] By not dismissing them from the legal proceeding Proposed Special Counsel likely subjected the Bankruptcy Estate to attorney's fees.

2. **TDRPC 1.06 Conflict of Interest with Fees**

Proposed Special Counsel stands to financially gain from his position as counsel and from the Bankruptcy Estate. Under TDRPC 1.06(b), "a lawyer shall not represent a person if the representation of that person: (1) involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client of the lawyer or the lawyer's firm." Proposed Special Counsel's firm stands to make substantially more money if this lawsuit is prolonged, instead of settlement which is in the best interest of the Bankruptcy Estate. Proposed Special Counsel has a conflict of interest because when a proposed settlement is offered to the Bankruptcy Estate, Proposed Special Counsel will have to decide between what is best for the Bankruptcy Estate and what is best for its firm, since its firm can gain substantially more by taking this case to trial, which would likely result in appeals by the unsuccessful party at each level, thereby prolonging this matter unnecessarily. A prolonged case would only result in further attorney's fees added to the existing credit owed to Proposed Special Counsel. One representing only the Bankruptcy Estate would take a guaranteed settlement over gambling for a windfall no matter the risk, but Proposed Special Counsel has a conflict of interest as it must seek a substantial windfall to recoup losses and/or make a profit on the case.

3. **TDRPC 1.02 Counseling into Criminal Activity**

Upon information and belief,[8] Proposed Special Counsel has been aware that his client was

---

[7] *See* Ex. A attached hereto and incorporated herein.
[8] https://www.youtube.com/watch?v=jhqWPQDw_Kw.

facing impending bankruptcy yet permitted his client to continue accruing debt and accepting payment for services his client would never perform. Proposed Special Counsel was claiming impending bankruptcy as early as February 23, 2022, 168 days before the filing of the bankruptcy. TDRPC 1.02(C) states:

> "A lawyer shall not assist or counsel a client to engage in conduct that the lawyer knows is criminal or fraudulent. A lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel and represent a client in connection with the making of a good faith effort to determine the validity, scope, meaning or application of the law."

On information and belief, Proposed Special Counsel knew bankruptcy was impending yet failed to settle this case at mediation, possibly causing the bankruptcy. Such behavior should disqualify Proposed Special Counsel from continuing to act for the Bankruptcy Estate, since Proposed Special Counsel has a conflict of interest in being asked to represent those creditors whom he knowingly subjected to becoming creditors to the Bankruptcy Estate.

Plaintiff's Original Petition was filed on June 28, 2021[9] (after the winter storm occurred in February of 2021), the same month that Robert Jordan purchased a home for himself valued at over $1,000,000.[10] Robert Jordan Construction took a significant up-front payment from Jared Carter and his family in October of 2021, four months after he began his lawsuit against AISD.[11]

Proposed Special Counsel sent a letter to Steven Badger (a representative of AISD's insurance company), with copy to AISD, rejecting one of AISD's settlement offers. In this letter, dated February 23, 2022, Proposed Special Counsel stated, "The outstanding balance owed by the District has crippled my client's ability to operate. My client will be meeting with bankruptcy counsel on Friday to discuss filing for reorganization under the bankruptcy code." It appears

---

[9] First Amended Petition.
[10] 3:17-3:25 https://www.youtube.com/watch?v=jhqWPQDw_Kw.
[11] https://www.youtube.com/watch?v=jhqWPQDw_Kw.

Proposed Special Counsel has allowed his client to continue taking the money of innocent people after knowing and admitting that bankruptcy proceedings would be forthcoming. The bankruptcy itself did not begin until August of 2022, and for six months Robert Jordan Construction kept taking customer's money. In February 2022, Travis Hyden claims he paid Robert Jordan Construction $115,000 for a rebuild of his mother's home, only for RJ to perform no work yet continuously string the client along for more than five months, while Proposed Special Counsel knew bankruptcy was pending:



Robert Jordan Construction, according to a comment left by a Taylor T. on their Better Business Bureau webpage, took a job in June of 2022, accepted $1700.00 in payment, but never performed the work.[12] As recently as August 7, 2022, days before filing for bankruptcy, Robert Jordan Construction allegedly asked Christina Affeld-Ridings for an additional $10,000, on top of

---

[12] https://www.bbb.org/us/ks/lenexa/profile/roofing-contractors/rj-construction-llc-0674-1000019804/customer-reviews.

the $38,000 she had already paid, for her home remodel which the company never completed.[13]

Proposed Special Counsel was under the requirements of TDRPC 1.02(d), which states as follows: "When a lawyer has confidential information clearly establishing that a client is likely to commit a criminal or fraudulent act that is likely to result in substantial injury to the financial interests or property of another, the lawyer shall promptly make reasonable efforts under the circumstances to dissuade the client from committing the crime or fraud." Proposed Special Counsel knew Robert Jordan's Construction's extreme financial status since February 2022, yet allowed the business to continue accepting payments for jobs they could never fulfill. He also never followed 1.02(e), "When a lawyer has confidential information clearly establishing that the lawyer's client has committed a criminal or fraudulent act in the commission of which the lawyer's services have been used, the lawyer shall make reasonable efforts under the circumstances to persuade the client to take corrective action." No corrective action has been taken, and the public has been outraged by the continuous acts of fraud by Robert Jordan and his companies.

4. **Confidential Information**

Proposed Special Counsel has been privy to confidential information with the RJ Parties, the debtor. Proposed Special Counsel cannot zealously represent the Bankruptcy Estate when it cannot share all information it knows about the RJ Parties. Proposed Special Counsel owes the same duty to the Trustee and the Bankruptcy Estate as he did to the RJ Parties, but he cannot fully disclose the confidential information the Trustee and Bankruptcy Estate/creditors are entitled to from a lawyer representing them and the Bankruptcy Estate. This is the most basic definition of a

---

[13] *See* Ex. B.

classic conflict of interest. [14] Proposed Special Counsel's privilege continues with the RJ Parties, and thus the Trustee and Bankruptcy Estate will not be served zealously. Returning to Rule 1.06 of the Texas Disciplinary Rules of Professional Conduct, provides in pertinent part as follows:

> "(a) A lawyer shall not represent opposing parties to the same litigation.
>
> (b) In other situations and except to the extent permitted by paragraph (c), a lawyer shall not represent a person if the representation of that person:
>
>> (1) involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client of the lawyer or the lawyer's firm; or
>>
>> (2) reasonably appears to be or become adversely limited by the lawyer's or law firm's responsibilities to another client or to a third person or by the lawyer's or law firm's own interests."

Proposed Special Counsel cannot share with the Trustee or Bankruptcy Estate the RJ Parties' assets or details of their financial conduct. Moreover, Proposed Special Counsel is a creditor, as are Arlington Independent School District, William Horn, and Corey Robinson, the parties Proposed Special Counsel seeks to both represent and sue. As noted incorrectly in the Trustee's motion, it is not in the "best interest of the Bankruptcy Estate and creditors" that Proposed Special Counsel be appointed, including the Arlington Defendants.[15] Proposed Special Counsel cannot claim to have no conflict of interest and to be zealously representing the Bankruptcy Estate and creditors Arlington Independent School District, William Horn, and Corey Robinson and seek to sue them at the same time. Furthermore, Robert Jordan Construction, LLC listed within its Verification of Mailing List (Creditor Matrix) "Sam Houston High School, 2000 Sam Houston Drive, Arlington, TX 76014."[16]. Sam Houston High School is part of the Arlington Independent School District, and

---

[14] This conflict is even more convoluted when one notes that Robert Jordan lists himself under the Creditor's Matrix as a creditor. The Proposed Special Counsel cannot represent Robert Jordan and the other creditors together.
[15] *See* ECF No. 25 at 4.
[16] ECF Do. 4, at 18.

therefore the debtor recognized Arlington Independent School District as a creditor all along.[17]

5. **The Best Interest of the Bankruptcy Estate is to First Try and Resolve the Matter Before Pursuing the Litigation**

The AISD Defendants have sought to discuss potential settlements with the Trustee in this matter. Letters were sent twice to the Trustee to try and initiate discussions of resolution, but no response was ever communicated nor was there any acknowledgement of same.[18] Before the Bankruptcy Estate gives away 40% of any potential recovery, it seems more efficient timewise and economically to try and amicably resolve this matter without hiring Proposed Special Counsel and returning to the legal battlefield where no amicable resolution is possible.[19]

### III. Conclusion

Proposed Special Counsel should be disqualified under Rules 3.02, 1.06, and 1.02 from representing the Trustee and Bankruptcy Estate in this matter. This case is pending before the court of appeals and is indefinitely stayed. The Trustee and Bankruptcy Estate are served best by legal counsel who will negotiate and provide conflict-free representation toward resolution without the cloud of potential conflicts. The people to whom Robert Jordan Construction, LLC owes money deserve no less.

### V. Prayer

Therefore, the AISD Defendants, as creditors, pray that the Judge issue an order disqualifying Proposed Special Counsel from representing the Trustee and Bankruptcy Estate in this matter and awarding Arlington Independent School District, William Horn, and Corey Robinson such other findings and relief as they may show themselves entitled.

---

[17] Mr. Hammond is listed as a creditor, also. ECF No. 4, at 14.
[18] *See* Exhibits C and D, copies of the letters to the Trustee, incorporated herein by reference.
[19] Based upon the unproductive effort from the previous court ordered mediation, AISD Defendants will object to any mediation again with Mr. Hammond's involvement.

Respectfully submitted,

**Eichelbaum Wardell
Hansen Powell and Muñoz, P.C.**

By: /s/ Dennis J. Eichelbaum
Dennis J. Eichelbaum
Texas Bar No. 06491700
dje@edlaw.com

Emma J. Darling
Texas Bar No. 24110889
ejd@edlaw.com

**Eichelbaum Wardell
Hansen Powell and Muñoz, P.C.**
5801 Tennyson Parkway, Suite 360
Plano, Texas 75024
(Tel.) 972-377-7900
(Fax) 972-377-7277

Eric E. Munoz
Texas Bar No. 24056021
em@edlaw.com

**Eichelbaum Wardell
Hansen Powell and Muñoz, P.C.**
4201 W. Parmer Lane, Suite A-100
Austin, Texas 78727
(512) 476-9944
(512) 472-2599 fax
*Attorneys for AISD, Horn, & Robinson*

### Certificate of Service

I do hereby certify that on the 2nd day of September, 2022, a copy of the above and foregoing has been this date served electronically or mailed to the parties listed below:

| | |
|---|---|
| JASON PATRICK KATHMAN | JOHN DEE SPICER |
| SPENCER FANE LLP | CAVAZOS HENDRICKS POIROT & SMITHAM, PC |
| 5700 GRANITE PARKWAY, STE 650 | 900 JACKSON, ST., SUITE 560 |
| PLANO, TX 75024 | DALLAS, TX 75202 |

/s/ Dennis J. Eichelbaum
Dennis J. Eichelbaum